UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.   **CV 24-466-MWF(KCx)**                                         Date:  August 26, 2024

Title   **Canan Adiguzel v. United States of America, et al.**

Present: The Honorable:     MICHAEL W. FITZGERALD, United States District Judge

| Rita Sanchez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:  (IN CHAMBERS) ORDER DISMISSING ACTION WITHOUT PREJUDICE; ENTRY OF JUDGMENT**

The Complaint in this action was filed on January 18, 2024.  (Docket No. 1).

On April 1, 2024, the Court filed an Order to Show Cause (the "OSC") re dismissal for lack of prosecution.  (Docket No. 12).  The OSC required Plaintiff to file a response no later than April 18, 2024.

On April 4, 2024, Plaintiff filed a Proof of Service (the "Flores POS"), reflecting incomplete substituted service on Defendant Rual Ernesto Flores.  (Docket No. 13).  The service was incomplete because it failed to comply with the requirements of California Code of Civil Procedure section 415.20.

On April 18, 2024, Plaintiff filed two Proofs of Service (the "USPS POS"), reflecting service by certified mail to the United States Postal Service, Law Department, 300 Long Beach Boulevard, Long Beach, CA 90801.  (Docket Nos. 14 and 15).  The filings were identical, except that Docket No. 15 included a certified mail receipt, but no return receipt.

On April 22, 2024, the Court filed an Order extending the deadline to respond to the OSC (the "OSC-Ext").  (Docket No. 16).  The OSC-Ext required Plaintiff to file a response no later than May 6, 2024, and provided that, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 24-466-MWF(KCx)**                               Date:  August 26, 2024

Title   **Canan Adiguzel v. United States of America, et al.**

response to the OSC, Plaintiff could file a Proof of Service that fully complied with the requirements of Federal Rule of Civil Procedure 4(i).  (*Id.*)

On May 6, 2024, Plaintiff requested additional time to respond to the OSC-Extension.  (Docket No. 17).  On May 7, 2024, the Court filed an Order granting Plaintiff's request (the "OSC-Ext-2") and extended the deadline to May 24, 2024.  (Docket No. 18).  Plaintiff was warned that the Flores POS did not satisfy the California requirements for substituted service, and service had not been completed pursuant to Rule 4(i)(3).  Plaintiff was further warned that the USPS POS did not satisfy the requirements of Rule 4(i).

On May 17, 2024, Plaintiff filed a Notice and Acknowledgment of Receipt of Summons and Complaint (the "N&A").  (Docket No. 19).  The N&A reflected certified mail service to the U.S. Department of Justice, Office of the Attorney General, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001, and included certified mail and return receipts.

Although Plaintiff was warned that no further extensions would be granted, on August 13, 2024, the Court filed one last Order extending the deadline to respond to the OSC (the "OSC-Ext-3"), to **AUGUST 23, 2024**.  (Docket No. 20).  Plaintiff was warned that this would be the final extension.

On August 19, 2024, Plaintiff filed another Proof of Service that included the documents in USPS POS and the N&A.  (Docket No. 21).  All of the pages had been previously filed under Docket Nos. 14, 15, and 19.

Despite the Court's repeated warnings and extensions to allow Plaintiff sufficient time to comply with the requirements of  Rule 4, Plaintiff, through counsel, has simply failed to do so.  Perhaps if Plaintiff was proceeding pro se, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 24-466-MWF(KCx)                                    Date:  August 26, 2024

Title          **Canan Adiguzel v. United States of America, et al.**

Court would consider another extension.  But here, Plaintiff is represented by counsel.

The time to properly serve the Complaint expired on April 17, 2024.  Since that time over four more months have passed and Plaintiff has not filed any new documents to reflect an attempt to cure the defects repeatedly noted by the Court.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).  Taking all of these factors into account, dismissal for lack of prosecution is warranted.  Plaintiff was specifically warned that any request for an extension of time to serve Defendant must include the date service was tendered to a process server (*i.e.*, Interstate) and the date service was first attempted.  Plaintiff has failed to include that information or justified why an extension of time to effect service is warranted.

Accordingly, the action is **DISMISSED** *without prejudice*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 24-466-MWF(KCx)**                                     Date: August 26, 2024

Title             **Canan Adiguzel v. United States of America, et al.**

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.